FILED
United States Court of Appeals
Tenth Circuit

May 24, 2022

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PEDRO PÉREZ-HERNÁNDEZ,

Defendant - Appellant.

No. 21-2104
(D.C. No. 2:18-CR-03752-KG-KBM-1)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Pedro Pérez-Hernández appeals the denial of his motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Pérez-Hernández, a native of Mexico, was granted permanent resident status in the United States in 1976. After Mr. Pérez-Hernández was convicted of being a felon in possession of a firearm in 2012, an immigration judge ordered that

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

he be deported to Mexico in 2015. A few days after his deportation he was apprehended in Texas just north of the Mexican border. He was convicted of illegal reentry, *see* 8 U.S.C. § 1326, sentenced in 2017, and deported again in September 2017. About one year later, he attempted another border crossing and was apprehended by the United States Border Patrol near the Columbus, New Mexico port of entry.

Mr. Pérez-Hernández was indicted in the United States District Court for the District of New Mexico on one count of illegal reentry of a removed alien. He was found guilty after a bench trial. The district court imposed a sentence at the top of the guideline range, 63 months, and recommended that Immigration and Customs Enforcement begin removal proceedings during Mr. Pérez-Hernández's sentence. As support for the sentence, the district court cited Mr. Pérez-Hernández's lengthy criminal history and specifically his failure to obey the laws of the United States by continuing to reenter without legal authorization. Mr. Pérez-Hernández also received a consecutive term of eight months' imprisonment for his violation of the terms of his supervised release in his 2017 illegal-reentry sentence.

Mr. Pérez-Hernández filed a motion for compassionate release in June 2021. The motion claimed that he has several medical conditions that, combined with his age (62, now 63), placed him at an increased risk of contracting severe illness from COVID-19: hepatitis C, high cholesterol, hypertension, asthma, and severe anxiety. Mr. Pérez-Hernández argued that the 18 U.S.C. § 3553(a) factors favored a sentence reduction, given that (1) his offense was motivated by a true belief that he is a citizen

and by a desire to care for his mother in the United States; (2) he faced harsh conditions of confinement because of the pandemic; (3) he had served nearly half of his term of imprisonment; and (4) he did not present a danger to the community. The district court denied Mr. Pérez-Hernández's motion in a written order.

We review for abuse of discretion a district court's denial of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact," *id.* (internal quotation marks omitted), or otherwise "makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment," *United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020) (internal quotation marks omitted).

Under 18 U.S.C. § 3582(c)(1)(A), a defendant's motion for compassionate release may be granted if (1) the district court finds that "extraordinary and compelling reasons warrant a sentence reduction"; (2) the court finds that the "reduction is consistent with applicable policy statements issued by the Sentencing Commission" (though there is no applicable policy statement at this time); and (3) the court determines, after considering the relevant sentencing factors under § 3553(a), that a reduction is warranted. *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (internal quotation marks omitted), *cert. denied*, No. 21-6594, 2022 WL 1611819 (U.S. May 23, 2022); *see id.* at 938 n.4. A district court may properly deny

a compassionate-release motion when any one of these three requirements is lacking and need not resolve the other two. *See id.* at 936–37.

The district court denied Mr. Pérez-Hernández's motion for compassionate release based on its assessment of the relevant § 3553(a) factors. On appeal Mr. Pérez-Hernández argues that the district court abused its discretion by failing to consider his risk of serious illness from COVID-19 and the need for the sentence imposed to avoid sentencing disparities. He also claims that the court engaged in a substantively unreasonable balancing of the factors. We disagree.

First, contrary to Mr. Pérez-Hernández's assertions, the district court did consider his medical conditions in deciding whether to grant the compassionate-release motion. The district court held that "notwithstanding Mr. Pérez-Hernández's medical conditions, the Section 3553 factors advise against his release from custody." R., Vol. 1 at 91. While brief, this statement—combined with the description of Mr. Pérez-Hernández's medical conditions earlier in the order—is adequate to show that the district court "considered the facts allegedly establishing extraordinary and compelling reasons for release" in undertaking its § 3553(a) analysis. *Hald*, 8 F.4th at 947. We also reject Mr. Pérez-Hernández's more specific contention that the district court abused its discretion by failing to explicitly address 18 U.S.C. § 3553(a)(2)(D), which directs sentencing courts to consider "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care." He failed to cite § 3553(a)(2)(D) in his compassionate-release motion, his complaints about his care amount to no more than his disagreements with the professional

4

judgment of his medical caregivers, and he provided the district court with no evidence that he would receive better medical care if released.

Second, Mr. Pérez-Hernández takes issue with the district court's failure to explicitly address his argument that "other defendants with more egregious offenses and who also had multiple medical conditions had been compassionately released after serving [about] 50% of their terms of incarceration," and therefore the need to avoid unwarranted sentencing disparities favored compassionate release. Aplt. Br. at 18. But the defendants in the three cases cited in his motion were first offenders who were granted release before COVID-19 vaccines were available. At the time of his compassionate-release motion, Mr. Pérez-Hernández had survived a bout of COVID-19 and had received a single dose of a COVID-19 vaccine. The government represents that Mr. Pérez-Hernández received a COVID-19 booster on February 18, 2022, which Mr. Pérez-Hernández does not dispute. Because Mr. Pérez-Hernández is clearly not similarly situated to the defendants in his comparison cases, his argument was not so substantial "as to demand a written explanation by the court." *Hald*, 8 F.4th at 948. Moreover, the district court did consider that he had served only half of his sentence and concluded that "allowing his present release from custody would undermine the gravity of the offense, run contrary to Mr. Pérez-Hernández's history of recidivism, and detract from his continued noncompliance with Court orders." R., Vol. 1 at 90.

Finally, the district court did not abuse its discretion in finding that the § 3553(a) factors did not warrant relief. The district court summarized its analysis as follows:

> [T]he Court concludes that Mr. Pérez-Hernández's history and characteristics—particularly, his recidivism and unwillingness to comply with Court orders—weigh against his request for compassionate release. In addition, releasing Mr. Pérez-Hernández from custody at this juncture would undermine the need for deterrence and endanger the public. Similarly, the Court continues to find that the sentence imposed promotes respect for the law and reflects the seriousness of Mr. Pérez-Hernández's conduct.

*Id.* The district court's overriding concern with Mr. Pérez-Hernández's refusal to comply with the law was entirely reasonable. Even in his motion for compassionate release, Mr. Pérez-Hernández represented that he continues to "believe[] he is a citizen by derivative citizenship," R., Vol. 2 at 42, notwithstanding that his claim to derivative citizenship has been consistently rejected, *see, e.g.*, *United States v. Perez-Hernandez*, 845 F. App'x 710, 713 (10th Cir. 2021). As the district court observed at sentencing, there is reason to believe that Mr. Pérez-Hernández—laboring as he does under a misconception as to his citizenship status—will attempt illegal reentry again upon being released. The district court certainly did not exceed the bounds of permissible choice in denying the motion.

6

We **AFFIRM** the district court's denial of Mr. Pérez-Hernández's motion for compassionate release.

Entered for the Court

Harris L Hartz
Circuit Judge